CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
NOV 0 3 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JAMES R. BENNETT,<br><br>                *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                *Defendant* | CIVIL NO. 6:06cv00017<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss, filed on August 22, 2006 (docket entry no. 12). For the following reasons, Defendant's motion will be DENIED in an order to follow.

## I. BACKGROUND

### *A. Factual Background*

Accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of Plaintiff, the facts are as follows.

Plaintiff, who is proceeding pro se, retired from Bell Atlantic and opted to receive a lump-sum retirement payment rather than a yearly pension. Bell Atlantic paid this lump sum amount in separate payments in 1991 and 1992. Plaintiff alleges he paid federal income taxes totaling $54,181.57 on these payments then invested the money in an individual retirement account ("IRA").

Beginning in 1996, Plaintiff began withdrawing $3,300 per month from this IRA. According to Plaintiff, the custodian of the IRA erroneously sent tax forms to the Internal

Revenue Service ("IRS") showing these $3,300-per-month withdrawals as taxable income. Plaintiff has also allegedly sent tax forms to the IRS correcting these supposedly incorrect taxable figures. Because he claims he had no income tax liability for tax years 1996 through 2001, Plaintiff did not file a Form 1040 showing a self-assessment of taxes for those years. The IRS believes Plaintiff owes taxes that Plaintiff claims he does not owe. Numerous communications between the parties have failed to resolve the problem and the IRS has since engaged in activity to collect those taxes.

Before the IRS assesses a tax deficiency against a taxpayer, it must first mail a notice of deficiency by certified or registered mail to the taxpayer. *See* 26 U.S.C.A. §§ 6212(a), 6213(a) (2006). Plaintiff claims that for tax years 1998, 1999, 2000, and 2001, such notices of deficiency were not issued.[1] Plaintiff then claims that the IRS has failed to properly make an assessment and has failed to furnish to him a copy of the record of the assessment as is required. *See* 26 U.S.C.A. § 6203 (2006) ("The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment."). Plaintiff also alleges that the IRS failed to send a notice of assessment and demand for payment as is required. *See* 26 U.S.C. § 6303 ("[T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.").

Plaintiff subsequently received notices of tax liens and notices of intent to levy from both the federal government and the Commonwealth of Virginia, resulting in damages he calculates

---

[1] In his complaint, Plaintiff also claims damages resulting from unlawful collection activities relating to tax years 1996 and 1997, but Plaintiff does not claim that notices of deficiency were not issued for those years.

2

to be $162.491.99.[2] Plaintiff also claims in his supplemental pleading that since the time he filed his complaint, the IRS has levied against his social security benefits in violation of federal law.

### B. Procedural Background and Cause of Action

Plaintiff sued on April 28, 2006, pursuant to 26 U.S.C. § 7433, which authorizes civil damages for certain unauthorized collection actions. Section 7433 states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C.A. § 7433 (2006).

Plaintiff's contention is that all of the activity described above — which includes twenty-three written notices sent by Defendant alone during the past eight years — amount to unauthorized collection actions for which he can collect damages. Defendant, however, disagrees and moved to dismiss on August 22, 2006.

## II. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's claim on two grounds: first, that it has sovereign immunity and second, that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's complaint fails to state a claim upon which relief can be granted. Because an analysis

---

[2] The "statutory maximum" to which Plaintiff refers in his complaint could possibly be $1 million in a proper case. The statute allows for a successful plaintiff to be awarded "an amount equal to *the lesser of* $1,000,000 ($100,000, in the case of negligence) or the sum of (1) actual, direct economic damages" and (2) costs. 26 U.S.C.A. § 7433(b) (2006) (emphasis added).

3

of either will lead to the same place,[3] the Court will address Defendant's Rule 12(b)(6) argument.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999).

In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true, must draw all reasonable inferences in favor of the plaintiff, and should not dismiss for failure to state a claim unless the defendant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim" that would allow the plaintiff relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Edwards*, 178 F.3d at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). Stated differently, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). These tests are "prospective, not retrospective" and look "to what a plaintiff *can* show, not what she *has* shown." *Jordon v. Bowman Apple Prods. Co.*, 728 F. Supp. 409, 411 (W.D. Va. 1990) (emphasis added).

Additionally, the court is not required to accept legal conclusions without a basis in fact. *See, e.g., Edwards*, 178 F.3d at 244 ("[F]or purposes of Rule 12(b)(6), we are not required to

---

[3] It is not clear how the end result of an analysis of either basis for dismissal would differ from the end result of an analysis of the other. Sovereign immunity is waived if the sovereign has consented to be sued; for such waiver to be effective, a plaintiff's suit must comply exactly with the terms of the statute under which the sovereign has waived its immunity. *See, e.g., U.S. v. Nordic Village Inc.*, 503 U.S. 30, 33-34 (1992) (stating that "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and "are not generally to be liberally construed" but instead "must be construed strictly in favor of the sovereign" (internal quotation marks omitted) (citations omitted)). By the same token, a Plaintiff must state a claim to survive a Rule 12(b)(6) motion; that is, he must allege a legal and factual ground for his suit. Here, if Plaintiff should fail to state a claim upon which relief can be granted, it could be said that either first, such a failure means the claim does not comply with the applicable statute and that therefore the government has sovereign immunity or second, that such a failure means the Plaintiff cannot survive Defendant's Rule 12(b)(6) motion.

4

accept as true the legal conclusions set forth in a Plaintiff's complaint."); *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979) (holding that a mere allegation in the complaint that the defendants acted under color of state law was insufficient to withstand scrutiny under Rule 12(b)(6) because, "[w]ere it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint").

### III. DISCUSSION

Defendant argues that a cause of action under Section 7433 only arises from improper *collection* activities and not from improper *assessment* activities or from an improper *determination* of income tax. The plain language of the statute makes this clear; indeed, the heading of Section 7433 is "[c]ivil damages for certain unauthorized collection actions." 26 U.S.C.A. § 7433 (2006). Defendant then states that all assessments were properly made and that "notices of balance due were transmitted to the plaintiff" on the alleged dates of assessment. Defendant also argues that Plaintiff's case rests on allegations that Plaintiff does not owe income tax and that if assessments were made, the assessments upon which collection actions were based were improper and that these allegations constitute assessment activities not actionable under § 7433.

Defendant points to *Gandy Nursery, Inc. v. United States*, 412 F.3d 602 (5th Cir. 2005), for the proposition that the filing of a tax lien pursuant to an improper assessment does not constitute an unauthorized collection action. Although the Fifth Circuit in *Gandy* held that such a filing is not a *per se* violation for § 7433, *see id.* at 607, the court left open the possibility that this kind of filing could rise to a § 7433 violation, *see id.* at 604, 605, 606 (stating that upon an earlier remand from the Fifth Circuit, the trial court found the government liable as a matter of

5

law without specifically addressing whether there had been "a specific violation of the Internal Revenue Code ... when the Government *filed* certain liens against" the plaintiff and that the district court's finding was "without foundation and therefore erroneous").

Defendant also cites *Shaw v. United States*, 20 F.3d 182 (5th Cir. 1994), for similar support. But the Fifth Circuit in *Shaw* specifically noted that improper assessment and improper collection activities are two different claims and that the latter can be proved if a taxpayer can demonstrate "that the IRS did not follow the prescribed methods of acquiring assets." *Id.* at 184. Plaintiff here is claiming exactly that — the IRS did not follow the statutory requirements to acquire Plaintiff's assets.

The Fifth Circuit in *Shaw* points out that *Miller v. United States*, 763 F. Supp. 1534 (N.D. Cal. 1991), "not[es] the difference between an assessment activity and a collection activity." *Shaw*, 20 F.3d at 184. In describing this difference, the court in *Miller* explicitly states that "a notice and demand for payment constitute[s] a collection action, as does the filing of a notice of a tax lien." *Miller*, 763 F. Supp. at 1543. Plaintiff here is has alleged that Defendant filed a notice of a tax lien, a collection activity. Plaintiff, therefore, has stated a claim upon which relief could be granted. As such, Defendant's motion is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: *Norman K. Moon*
United States District Judge

Nov. 3, 2006
Date