# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| JAMES R. BENNETT, *Plaintiff,* | CASE NO. 6:06-CV-00017 |
| v. | |
| UNITED STATES OF AMERICA, *Defendant.* | MEMORANDUM OPINION AND ORDER |
| | JUDGE NORMAN K. MOON |

This matter is before the Court on the facts and argument submitted at the bench trial held on March 2, 2007, at which time I ordered the parties to submit proposed findings of fact and conclusions of law (docket entry no. 22). Defendant has failed to comply despite several phone conversations promising a submission within a few days. Plaintiff submitted his proposals on April 30, 2007. For the following reasons, the Court finds in favor of the Defendant on all counts.

## I. BACKGROUND

Plaintiff sues under 26 U.S.C. § 7433, which authorizes suits against the United States for the disregard of laws and regulations governing the collection of taxes. His allegations are as follows:

1) He has already paid the taxes the Internal Revenue Service ("IRS") contends he owes, and thus cannot be liable for additional taxes;

2) The IRS has failed to perform a valid assessment, and has failed to provide Plaintiff with a copy of that assessment as required by statute;

3) The IRS has failed to issue a statutory Notice of Deficiency for at least some tax years, or to send it by certified mail as required by statute;

4) The IRS has failed to send "notice and demand" letters for the years in controversy, as required by statute;

5) The IRS has, despite the failure to send the mandatory "notice and demand," levied on Plaintiff's property and placed liens on it;

6) The IRS has refused to show Plaintiff the written delegation of authority from the Secretary of the Treasury to local IRS officials;

7) The IRS provided the Virginia Department of Taxation ("VDT") with information to which the VDT was not entitled under 26 U.S.C. § 6103, to Plaintiff's detriment;

8) The IRS has levied on his Social Security benefits in contravention of 42 U.S.C. § 407.

## II. FINDINGS OF FACT

The facts are almost entirely undisputed, and the Court finds them as follows. Plaintiff retired in 1991 and received his pension as a lump sum. He paid a substantial tax bill at that time amounting to over $54,000 and deposited his pension proceeds into an Individual Retirement Account ("IRA"). Plaintiff has begun withdrawing money from his IRA, and the custodian of the IRA has begun sending Form 1099 to the IRS showing taxable income. Plaintiff argues that this is erroneous due to his payment back in 1991. Plaintiff has repeatedly filed returns in which he purports to correct this "error." In 1996 and 1997, the IRS initially went so far as to grant a refund based on these returns, but later reversed itself. Since 1999, when the refunds were first reversed, the IRS has repeatedly assessed taxes based on the Form 1099s received from the

custodian.[1] Official IRS transcripts (Form 4340, Def.'s Exs. 1 and 2) show that the IRS has sent out numerous letters as part of their assessment and collection activities as depicted chronologically in the following table.

| Date of letter | Description | Tax year |
| --- | --- | --- |
| February 8, 1999 | Statutory Notice of Balance Due | 1996 |
| April 26, 1999 | Notice of Balance Due | 1996 |
| August 23, 1999 | Statutory Notice of Intent to Levy | 1996 |
| November 15, 1999 | Annual Notice of Balance Due | 1996 |
| December 13, 1999 | Statutory Notice of Balance Due | 1997 |
| March 6, 2000 | Notice of Balance Due | 1997 |
| May 22, 2000 | Statutory Notice of Intent to Levy | 1996, 1997 |
| June 26, 2000 | Statutory Notice of Intent to Levy | 1996 |
| July 16, 2001 | Statutory Notice of Intent to Levy | 1997 |
| August 5, 2002 | Taxpayer Delinquency Notice | 2000 |
| September 30, 2002 | Taxpayer Delinquency notice | 2000 |
| October 21, 2002 | Statutory Notice of Intent to Levy | 1997 |
| December 9, 2002 | Statutory Notice of Intent to Levy | 1997 |
| March 10, 2003 | Taxpayer Delinquency Notice | 2001 |
| February 17, 2003 | Statutory Notice of Intent to Levy | 1996 |

---

[1] The question of Plaintiff's tax liability was barely pled and not litigated at all. The Court therefore expresses no opinion on the substance of the underlying tax dispute.

| June 14, 2004 | Taxpayer Delinquency Notice | 2002 |
| Unknown, sometime before August 30, 2004 | 90-day letter | 1998-2001 |
| August 30, 2004 | Statutory Notice of Balance Due | 1998-2001 |
| September 20, 2004 | Statutory Notice of Intent to Levy | 1998-2001 |
| June 30, 2005 | Intent to Levy Collection Due Process Notice | 1998-2001 |
| Unknown, sometime before August 22, 2005 | 90-Day letter | 2002 |
| August 22, 2005 | Statutory Notice of Balance Due | 2002 |
| January 9, 2006 | Statutory Notice of Intent to Levy | 2002 |
| Unknown, sometime before February 6, 2006 | 90-Day letter | 2003 |
| February 6, 2006 | Statutory Notice of Balance Due | 2003 |

The legal significance of the above letters is a central issue to this case. Plaintiff has also apparently received copies of Form 4340 from which this table was derived for a number of years, as he refers to the form in his complaint and includes several pages from it in his Exhibit 14. Plaintiff has refused to pay the taxes demanded but has engaged in a lengthy series of appeals and correspondence with the IRS in an effort to convince it that he does not owe any tax.[2] All of Plaintiff's appeals have been denied; his administrative remedies have been exhausted. The IRS, after denying all appeals, has issued notices of its intent to levy, noted above, and has placed liens on Plaintiff's property. The liens in particular have caused harm to Plaintiff's credit rating.

---

[2]This has generated a large volume of letters not depicted in the table. However, only the Form 4340 correspondence is an issue in this case, because all appeals have already been denied.

The IRS now intends to place a levy on Plaintiff's Social Security check.

At issue, then, is the legal significance of each of these acts and the requirements which must be met to properly seize assets for unpaid taxes.

### III. CONCLUSIONS OF LAW

Plaintiff's claims will be considered in order.

1) Plaintiff contends that he owes no taxes. This may or may not be true, but this Court is not the correct place to litigate tax liability. The United States, as a sovereign, enjoys immunity from suit unless it gives its express consent. *United States v. Testan*, 424 U.S. 392, 399 (1976). Such consent, when embodied in statute, must be strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Therefore, a court may only entertain actions which fit easily within waivers and may not stretch the language beyond what it clearly says. *Id.* The plain language of 26 U.S.C. § 7433 gives consent to suits for damages caused by disregard of the law associated with collection actions. Assessment and collection occupy separate chapters in the Internal Revenue Code, suggesting that they are separate activities. Courts have also found that assessment of liability is not a collection action; the facts and legal theories required to prove an improper assessment are distinct from those necessary to prove improper collection activity. *Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994). A finding on the validity of the assessment is neither necessary nor authorized in a § 7433 action, nor would a finding of invalidity advance Plaintiff's case because tax liability, or lack thereof, is not an element of § 7433. Section 7433 mentions only unlawful collection activity without regard to the validity of the underlying debt. An assessment must be challenged either in tax court under 26 U.S.C. § 6214 or, after payment, in district court through an action for refund under 26 U.S.C. § 7422.

*Gonsalves v. Internal Revenue Service*, 975 F.2d 13, 16 (1st Cir. 1992).

2) Plaintiff complains that the assessment was invalid, and that he has not been provided a copy of the assessment as required by the statute. As discussed above, questions about the validity of an assessment cannot be litigated under § 7433. Rather, they may be challenged either in Tax Court before payment or, after payment, in a suit for a refund. Similarly, the requirement that an assessment be provided to a taxpayer on request is not a "collection activity" which is actionable under that section. However, in this case, the Court can easily conclude that Plaintiff *has* received a copy of the assessment for at least some years, since he included pages from Form 4340 as Exhibit 14 in his complaint. Form 4340 is a "record of assessment" for the purposes of § 6303. *Roberts v. Comm'r*, 118 T.C. 365, 370 n.7 (2002), *aff'd*, 329 F.3d 1224 (11th Cir. 2003). The appearance of an assessment on Form 4340 creates a presumption that tax has been validly assessed. *Davis v. Comm'r*, 115 T.C. 35, 40 (2000). That presumption was never rebutted.

3) Plaintiff complains that he has not received a Notice of Deficiency in connection with his assessment. Whether or not this claim is true, a Notice of Deficiency is an assessment action taken before a formal assessment is made. 26 U.S.C. § 6212. Assessment itself does not occur until the Tax Court has considered the issue or the taxpayer defaults. *See* 26 U.S.C. § 6215. Because it occurs before assessment, a Notice of Deficiency is not a collection action, and as such is not actionable under § 7433, as discussed in *Miller* and *Shaw, supra*.

4) Plaintiff complains that he has never received a Notice and Demand letter. The "notice and demand" is a collection activity, and is therefore actionable under § 7433. *Miller*, 66 F.3d at 222. However, Exhibit 16, included in Plaintiff's Response to Defendant's Initial Motion to Dismiss, is a letter from the IRS which gives notice of tax liability and demands payment before

a particular date. Its date corresponds to a "Statutory Notice of Balance Due" shown on the Form 4340 introduced at trial At trial, Plaintiff showed this letter to Jerry Ham, an IRS agent and witness for the Defendant, and asked him if it was a "notice and demand" as required by § 6303. Mr. Ham answered that it was. Plaintiff disagrees.

The law supports Defendant. A "notice and demand" need have no particular form; it must simply: 1) give notice of the assessment against the taxpayer, and 2) demand payment. *Barnett v. United States*, 366 F.3d 1243, 1244 (11th Cir. 2004); *Schiff v. United States*, 919 F.2d 830, 833 (2d Cir. 1990); *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990); *Planned Inv. v. United States*, 881 F.2d 340, 344 (6th Cir. 1989). The "Statutory Notice of Balance Due" shown in Exhibit 16 meets these requirements, and indeed has been explicitly held to be a "notice and demand" letter. *Barnett*, 366 F.3d at 1244. As depicted on the table above, Form 4340 shows that Plaintiff has received his notice and demand for each of the tax years in issue.

5) Plaintiff alleges that levies were issued and liens were applied to his property despite the lack of a "notice and demand" letter. Form 4340 shows numerous "Statutory Notice of Balance Due" letters sent to Plaintiff before any levy or lien actions were taken. The appearance of such letters on this form creates a presumption that the letters were received. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Plaintiff has offered no evidence to rebut this presumption, and in fact has actually produced one of the letters. Plaintiff is correct that "notice and demand letters" must be sent promptly after assessment and are a prerequisite to levy and liens. 26 U.S.C. § 6321. As the table shows, the IRS sent a statutory notice of balance due for each tax year before taking any further collection action. It has therefore satisfied the "notice and demand" requirement and is entitled to take further collection actions.

6) Plaintiff complains that he has been prevented from viewing the written delegation of

authority from the Secretary of the Treasury (who is the person actually authorized by statute to take collection actions). Plaintiff did not cite any law which entitled him to see such delegations, but in any case they are part of the public record. *See* 26 C.F.R. §§ 301.6201-1 and 301.6301-1 (delegates assessment and collection authority to District Directors and Regional Service Center Managers); 26 C.F.R. §§ 301.6203-1 (permits "assessment officers," appointed by the District Director or Regional Service Center Directors, to sign the record of assessment.) Regulations such as these, which provide for the performance of the Secretary's duties by others, constitute a valid delegation of authority. 26 C.F.R. § 301.7701-9. In addition, any official may delegate his authority to his subordinates unless explicitly prevented from doing so by the delegation order itself. *Id*; *See also Hughes v. United States*, 953 F.2d 531, 536 (9th Cir 1991). Thus, there is an unbroken chain of delegation from the Secretary down to local agents which empowers them to take the actions complained of in this case.

7) Plaintiff objects to the sharing of his tax information with the Virginia Department of Taxation. The disclosure of information to VDT was not a collection action. It is possible for improper disclosures made in connection with collection actions to violate 26 U.S.C. § 6301 and thus be actionable under § 7433. *Shwarz v. United States*, 234 F.3d 428, 432-34 (9th Cir. 2000). However, Plaintiff has neither pled nor proven that disclosure to state authorities was made as part of an effort to collect taxes for the IRS, and thus § 7433 does not apply.

A separate right of action exists for unauthorized disclosure of information under § 7431. Plaintiff did not plead this section and thus it cannot be considered as a basis for liability. In any case, § 6301(d) specifically authorizes the disclosure of taxpayer information to state taxing authorities "to the extent necessary in the administration of [state tax] laws." Plaintiff has offered no evidence that the disclosures made were unauthorized or were greater than was necessary for

the enforcement of state tax laws. Plaintiff asserts that the state has refused to show him the written request required by statute, but has offered no evidence that the disclosure was in violation of law.

8) Plaintiff's Social Security benefits are rendered vulnerable to levy by 26 U.S.C. § 6334(c), which designates them as subject to levy. Although Plaintiff correctly points out that 42 U.S.C. § 407(a) forbids levying Social Security payments, it contains an important exception when a separate provision of law makes "express reference" to that section. 42 U.S.C. § 407(b). Section 6334(c) makes such an explicit reference and therefore Plaintiff's Social Security payments may be levied by the IRS.

## IV. CONCLUSION

Plaintiff has failed to show any violation of statutes or regulations related to collection actions by the IRS. The IRS has followed all the required procedures and its agents have acted within the authority they are given by law. Therefore, judgment is hereby ENTERED for Defendant on all counts.

The Clerk of the Court is directed to send a certified copy of this Order to Plaintiff and all counsel of record.

ENTERED: _____
U.S. District Judge

July 3, 2007
Date